NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13466

COMMONWEALTH  vs.  ARMANI HUACON.


May 7, 2024.


Youthful Offender Act.  Incompetent Person, Criminal charges.  Practice, Criminal, Defendant's competency.



This is one of two cases we decide today regarding a court's authority to order competency remediation.  Armani Huacon was apprehended after shooting the victim in the face during the attempted commission of a robbery.  He was charged as a youthful offender and has since been found incompetent by the Juvenile Court on multiple occasions.  This case is before us on two questions reported by the Juvenile Court judge.

Facts.  The charges against Huacon, originally charged as a youthful offender, arise from an attempted robbery on October 13, 2019, when he allegedly shot the victim in the face at point blank range.  Two days later, Huacon was charged as a youthful offender with one count of armed assault with intent to murder, G. L. c. 265, § 18 (b).  On October 25, 2019, a grand jury indicted Huacon on a variety of offenses stemming from the attempted robbery, including armed assault with intent to murder.  At his arraignment, the Commonwealth moved under G. L. c. 276, § 58A, for pretrial detention on the basis of dangerousness, as he had a "lengthy juvenile record" and prior probation violations.  The motion judge allowed the § 58A motion on October 28, 2019.[1]

_____

[1] Huacon was held without bail until May 9, 2023.  His subsequent release was revoked for ninety days on August 22, 2023, under G. L. c. 276, §§ 58A and 58B.

On November 27, 2019, Huacon was indicted on another youthful offender charge, armed assault with intent to rob, G. L. c. 265, § 18 (b), arising out of the same incident.  The Commonwealth again filed a § 58A motion for Huacon's pretrial detention on the basis of dangerousness, which the Juvenile Court allowed on December 16, 2019.  Huacon stipulated to dangerousness on January 30, 2020, and was ordered held without bail.  On February 13, 2020, Huacon stipulated to dangerousness in both cases.[2]

The cases stalled there.  Huacon was found incompetent to stand trial on January 25, 2022, and again on March 29, 2022.  On both occasions, the Juvenile Court judge found that Huacon "was likely to become competent with remediation or restoration."  Huacon was again found incompetent on August 19, 2022, and on February 6, 2023 -- in both instances, in contrast to earlier findings, the judge found that he was "not likely to become competent in the foreseeable future."

During the course of these competency proceedings, Huacon was diagnosed with a severe language-based learning disability and higher-level executive dysfunction.  One expert opined that Huacon "cannot understand a lot of information that is offered primarily via language," especially when delivered quickly, and that his brain quickly becomes "full."  The expert explained that Huacon lacks "strong insight around what he may be missing from a content-based perspective" and therefore opined that Huacon "will not be able to follow along with . . . fast-paced and language-heavy court proceedings."

Following a hearing on April 4, 2023 -- nearly three and one-half years after Huacon's initial detention in October 2019 -- the Juvenile Court determined that, because he was being held without bail and because it was not foreseeable that he would attain competency, due process compelled Huacon's release under Abbott A. v. Commonwealth, 458 Mass. 24, 40-41 (2010).[3]

Relying on expert testimony, the Juvenile Court found that Huacon would not attain competency without "an in-depth, comprehensive, and unique remediation program."  Because such a

---

[2] Huacon tendered a plea in September 2020, which was never adjudicated due to competency concerns.

[3] A single justice of this court upheld this decision.

program does not currently exist in the Commonwealth, the Juvenile Court appointed a guardian ad litem to make remediation programming suggestions.  The guardian ad litem opined that Huacon's diagnoses do not render him intellectually impaired -- rather, Huacon can "remember information," "analyze material," and "make decisions" if taught properly.  Therefore, the guardian ad litem suggested that the Juvenile Court hire a licensed, qualified special education professional to educate Huacon on trial procedure.  In making this suggestion, the guardian ad litem emphasized that there would be no "easy fix" or "magic pill" for Huacon's competency, particularly given that "[f]inding a qualified teacher will not be easy."

In light of the guardian ad litem's suggestions, the Commonwealth proffered that Mass. R. Crim. P. 41, 378 Mass. 918 (1979), granted the Juvenile Court the power to appoint an educator and to pay for remediation services.  The judge disagreed and referred the issue to the Appeals Court for guidance on two questions of law:

> (1) "Whose responsibility is it to propose remediation/restoration programming and take financial responsibility for the cost of those services?  Does Rule 41 allow the Court to assign an expert to remediate competency?"

> (2) "What is the Court's ability to order a juvenile to engage in a remediation plan or program that the Commonwealth or the Court proposes?  If the juvenile refuses to comply with the Court's order regarding remediation/restoration, what is the Court's authority to compel compliance?"

We granted the Commonwealth's application for direct appellate review.[4]

Discussion.  Pursuant to our decision released today in Makis M. v. Commonwealth, 494 Mass.    ,    (2024), the ability to propose, finance, order, and compel remediation programming falls beyond the purview of the court.  In answer to the first question, the responsibility to propose and pay for remediation programming or to provide for the assignment of an expert to remediate competency falls upon the Legislature.  See id. at   .  In answer to the second question, the Juvenile Court

---

[4] We acknowledge the amicus brief submitted by the youth advocacy division of the Committee for Public Counsel Services.

can neither order nor compel a juvenile to engage in a remediation plan in the absence of statutory authorization.  See id.

Conclusion.  The report is discharged, and the case is remanded to the Juvenile Court for further proceedings consistent with this opinion, as well as the guidance provided by Makis M., 494 Mass. at    .

So ordered.


Benjamin L. Falkner (Andrew H. Zeiberg also present) for the defendant.
Kristen W. Jiang, Assistant District Attorney, for the Commonwealth.
Sarah LoPresti, Committee for Public Counsel Services, for youth advocacy division of the Committee for Public Counsel Services, amicus curiae, submitted a brief.